MARY'S OPINION HEADING 








NO. 12-10-00131-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

MICHAEL DONAZE GARRETT,             §                        APPEAL
FROM THE 145TH

APPELLANT

 

V.                                                                   §                        JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                  §                        NACOGDOCHES
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            Michael
Donaze Garrett appeals his conviction for delivery of a controlled substance in
an amount of less than one gram, with the punishment range enhanced by two
prior convictions, for which he was sentenced to imprisonment for fifteen years
and fined $5,000. In five issues, Appellant argues that the evidence is legally
and factually insufficient to support his conviction and that the trial court
erred in excluding evidence from the jury, denying two requests for mistrial,
and denying a requested jury instruction.  We affirm. 

 

Background

            Richard
Conner worked as a confidential informant for the City of Nacogdoches Police
Department.  Before seeking work with the police department as a confidential
informant, Conner had spent some time cultivating a friendship with Appellant
because Conner believed Appellant sold drugs.

On
March 26, 2009, Conner, supervised by officers from the Nacogdoches Police Department,
attempted to purchase crack cocaine from Appellant.  Conner was equipped with a
button camera and an audio recording device when he made contact with Appellant. 
He eventually approached a vehicle occupied by Appellant and an unknown
individual, and purchased crack cocaine.  Conner claimed that he purchased the
crack cocaine from Appellant.  However, the video from the button camera did
not show the transaction, and the officers supervising Conner were unable to
see the transaction.  

On
April 16, 2009, Conner, again supervised by the police, attempted once more to purchase
crack cocaine from Appellant.  This purchase occurred in a home.  As with the
previous purchase, Conner wore a button camera and an audio wire.  Conner gave
Appellant money in exchange for crack cocaine.  A Nacogdoches police officer
saw Appellant exit the house with Conner.  Additionally, the video from the
button camera showed Appellant, but the actual transaction was not clearly
visible on the video.

After
both purchases, the Nacogdoches police officers conducted a field test on the
substance obtained by Conner, and both times, the substance was determined to
be crack cocaine.  The suspected crack cocaine was analyzed by an expert at the
Texas Department of Public Safety crime lab in Tyler, who verified that it was crack
cocaine.  

Based
on the two purchases of crack cocaine by Conner, Appellant was charged with two
counts of delivery of a controlled substance in an amount of less than one gram. 
Appellant pleaded “not guilty,” and the case proceeded to trial.  The jury
found Appellant “not guilty” of Count One (the March 26th transaction), but “guilty”
of Count Two (the April 16th transaction).  During the punishment phase of the
trial, the State presented evidence that Appellant had previously been
convicted of two felony drug offenses.  After deliberating, the jury assessed a
sentence of imprisonment for fifteen years and a fine of $5,000.  This appeal
followed.

 

Sufficiency of the Evidence

            In
his second and third issues, Appellant argues that the evidence is legally and factually
insufficient to support the trial court’s judgment.  Specifically, Appellant
contends that the evidence is legally and factually insufficient to prove that he
delivered crack cocaine and insufficient to corroborate Conner’s testimony.

Standard
of Review

We
initially note that the court of criminal appeals recently held that there is “no
meaningful distinction between the Jackson v. Virginia[1]
legal sufficiency standard and the Clewis factual sufficiency
standard and overruled Clewis v. State, 922 S.W.2d 126, 134 (Tex.
Crim. App. 1996) and its progeny.  See Brooks v. State, 323
S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality opinion).  The court held that
“the Jackson v. Virginia [legal sufficiency] standard is the only
standard that a reviewing court should apply in determining whether the
evidence is sufficient to support each element of a criminal offense that the
State is required to prove beyond a reasonable doubt.”   See id.  Accordingly,
we will not consider independently Appellant’s argument that the evidence is
factually insufficient to support the verdict.

When
reviewing the sufficiency of the evidence, we view all of the evidence in the
light most favorable to the verdict to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  See Jackson, 443 U.S. at 315-16, 99 S. Ct. at 2786-87; Brooks
v. State, 323 S.W.3d at 899.  Under this standard, a reviewing court
does not sit as a thirteenth juror and may not substitute its judgment for that
of the fact finder by reevaluating the weight and credibility of the evidence.  Brooks,
323 S.W.3d at 899; Dewberry v. State, 4 S.W.3d 735, 740 (Tex.
Crim. App. 1999).  Instead, a reviewing court defers to the fact finder’s
resolution of conflicting evidence unless that resolution is not rational in
light of the burden of proof.  Brooks, 323 S.W.3d at 899–900. 
The duty of a reviewing court is to ensure that the evidence presented actually
supports a conclusion that the defendant committed the crime.  See Williams
v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The
sufficiency of the evidence is measured against the offense as defined by a
hypothetically correct jury charge.  See Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge would include one that “accurately
sets out the law, is authorized by the indictment, does not unnecessarily
increase the State=s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately
describes the particular offense for which the defendant is tried.”  Id.  In
the case at hand, to support Appellant’s conviction for delivery of a
controlled substance, the State must prove that Appellant knowingly delivered
cocaine.  Tex. Health & Safety Code
Ann. § 481.112(a), (b) (Vernon 2010).  “Deliver” means transfer,
actually or constructively, to another.  Id. § 481.002(8) (Vernon
2010).

Texas
Code of Criminal Procedure, article 38.141 requires a conviction for delivery
of a controlled substance on the testimony of a confidential informant to be “corroborated
by other evidence tending to connect the defendant with the offense committed.” 
Tex. Code Crim. Proc. Ann. art.
38.141(a) (Vernon 2005).  “Corroboration is not sufficient … if the
corroboration only shows the commission of the offense.”  Id. art.
38.141(b).  The corroboration requirement for confidential informants is
analyzed in the same way as is the corroboration requirement for accomplice
testimony.  Torres v. State, 137 S.W.3d 191, 196 (Tex. App.–Houston
[1st Dist.] 2004, no pet.).  To determine whether the confidential informant
testimony is corroborated, we must eliminate all confidential informant
testimony and determine whether the inculpatory facts and circumstances in
evidence tend to connect the appellant to the offense.  Id. (citing
McDuff v. State, 939 S.W.2d 607, 612 (Tex. Crim. App. 1997)). 
The remaining evidence need not directly link the suspect to the crime, nor must
it alone establish his guilt beyond a reasonable doubt; but rather, the
nonconfidential informant evidence merely must tend to connect the suspect to
the offense.  McDuff, 939 S.W.2d at 613.

Analysis

Here,
Conner was unequivocal in his testimony that Appellant delivered crack cocaine
to him on April 16, 2009.  Conner called Appellant and then went to a
convenience store to purchase the crack cocaine.  When Conner arrived and saw
that Appellant was not there, he called Appellant, and Appellant told Conner to
meet him at his girlfriend’s house.  Conner eventually found Appellant’s girlfriend’s
house and made contact with Appellant.  Appellant greeted Conner at the door
and, in exchange for one hundred dollars, gave Conner crack cocaine that
Appellant retrieved from a pill bottle.  Conner then exited the house with
Appellant.

In
addition to Conner’s testimony, the jury watched and heard video and audio recordings
of the transaction.  The jury heard from two police officers who testified that
they searched Conner and his vehicle prior to the transaction.  The police
officers met with Conner shortly after the transaction and took the suspected
cocaine from him.  The video and audio recordings showed Conner entering his
vehicle before the transaction and ended with the police officers taking the suspected
cocaine from him after the transaction.  The evidence showed that Conner made
one other stop and that he talked to someone on the telephone at that time.  The
jury then saw Conner drive around a neighborhood, where he eventually stopped
at a house and was greeted by Appellant.  Daniel Johnson, a Nacogdoches city
police officer, testified that he observed the transaction and recognized
Appellant.  When asked specifically who Conner transacted with on April 16,
Johnson testified that it was Appellant.  The substance purchased by Conner was
field tested and determined to be crack cocaine, and subsequently tested in a
lab and verified to be crack cocaine.  The cocaine weighed less than a gram.

Appellant’s
mother and current girlfriend testified.  They stated that Appellant did not
have a girlfriend in the neighborhood where Conner purchased the crack
cocaine.  They further testified that Appellant was working at the time, and if
he was not working, he was with one or both of them. 

It
is for the jury to weigh the evidence and determine the credibility of the
witnesses.  See, e.g., Jones v. State, 984 S.W.2d
254, 258 (Tex. Crim. App. 1998).  The jury saw fairly convincing evidence that
Appellant was in the neighborhood at the time of the transaction, and Conner
and Johnson identified Appellant as the person who provided Conner with the
crack cocaine on April 16.

Having
examined the aforementioned evidence in the light most favorable to the
verdict, we conclude that the jury could have determined beyond a reasonable
doubt that Appellant committed the offense of delivery of a controlled
substance in an amount of less than one gram.  Further, there is evidence,
other than Conner’s testimony, which connects Appellant to the offense and
corroborates Conner’s testimony.  Therefore, we hold that the evidence is
sufficient under the Jackson v. Virginia standard to support the jury’s
verdict.  Appellant=s second and third
issues are overruled.

 

Exclusion of Evidence

            In
his first issue, Appellant complains that the trial court erred by excluding
evidence that Conner was arrested shortly before his trial for impersonating a
peace officer.

Standard
of Review

Issues
of admission or exclusion of evidence are reviewed under an abuse of discretion
standard.  Erdman v. State, 861 S.W.2d 890, 893 (Tex. Crim. App.
1993).  An abuse of discretion occurs when a trial court applies an erroneous
legal standard, or when no reasonable view of the record could support the
trial court’s conclusion under the correct law and the facts viewed in the
light most favorable to its legal conclusion.  DuBose v. State,
915 S.W.2d 493, 497-98 (Tex. Crim. App. 1996).

Applicable
Law

            A
party may not attack or support a witness’s credibility by inquiring into
specific instances of the conduct of a witness, other than conviction
of a crime as provided in rule 609.  Tex.
R. Evid. 608(b) (emphasis added).  Although rule 608(b) seems to
prohibit all inquiries into specific instances of conduct other than conviction
of a crime, specific instances of conduct can be used to expose bias, correct
any affirmative misrepresentations made on direct examination, or demonstrate
lack of capacity.  See Lagrone v. State, 942 S.W.2d 602, 612–13
(Tex. Crim. App. App. 1997)[2]; Grant v. State,
247 S.W.3d 360, 367 (Tex. App.–Austin 2008, pet. ref’d).  A party may ask the
witness or establish by public record that the witness has been convicted
of a crime if the crime was a felony or involved moral turpitude and the court
determines that the probative value of admitting the evidence outweighs the
prejudicial effect to a party.  Tex. R.
Evid. 609 (emphasis added).

Analysis

            Here,
Appellant argues that evidence of Conner’s arrest for impersonating a police
officer was admissible under rule 609.  We disagree.  Conner was arrested
shortly before Appellant’s trial, but nothing in the record shows that Conner had
been convicted of that offense at the time of Appellant’s trial.  Rule 609
allows a party to introduce evidence of a conviction, not an arrest.  Appellant’s
proffered evidence is inadmissible under rule 609.

            Appellant
also fails to show the evidence admissible pursuant to an exception to rule
608(b).  Although Appellant cited the exceptions to rule 608(b) in his brief,
he does not argue that any of the exceptions apply.  See Tex. R. App. P. 38.1(h).  Appellant
argued to the trial court that the impersonating an officer arrest should be
admissible because it violated one of the rules the police department set out
for confidential informants.  This is not an exception to rule 608(b), and our review
of the record confirms that none of the exceptions apply.  Conner’s arrest
occurred in late April or early May of 2010, more than a year after he had made
purchases from Appellant.  A pending criminal charge could, in the appropriate
case, be a potential cause for bias if it could be reasonably suggested that
the witness was beholden to the police.  However, Appellant did not argue in
the trial court and does not argue on appeal that the arrest made Conner a
biased witness, and there was no evidence that he would receive favorable or
more lenient treatment on his pending case in exchange for his testimony.  The
evidence was not necessary to correct any misrepresentations because Conner did
not testify on direct examination that he was a police officer or that he had
not been arrested.  Finally, Conner’s arrest does not show a lack of capacity. 


Because
Appellant’s proffered evidence is inadmissible under both rule 608(b) and rule
609, the trial court properly excluded the evidence of Conner’s arrest for
impersonating a peace officer.  We overrule Appellant’s first issue.

 

Failure to Grant Mistrial

            In
his fourth issue, Appellant argues that the trial court erred in denying his
two motions for mistrial.  Specifically, Appellant complains that two improper
statements by a police officer during the punishment phase of the trial left the
jury with a false impression and contributed to the sentence assessed by the
jury. 

Applicable
Law

            A
trial court’s denial of a motion for mistrial is reviewed under an abuse of
discretion standard.  Archie v. State, 221 S.W.3d 695, 699 (Tex.
Crim. App. 2007).  Thus, we must uphold the trial court’s ruling if it was
within the zone of reasonable disagreement.  Id.  Mistrial is
required “[o]nly in extreme circumstances, where the prejudice is incurable . .
. .”  Id. (quoting Hawkins v. State, 135
S.W.3d 72, 77 (Tex. Crim. App. 2004)).  A trial court grants a mistrial “to end
trial proceedings when faced with error so prejudicial that ‘expenditure of
further time and expense would be wasteful and futile.’”  Simpson v.
State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003) (quoting Wood
v. State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)).  Generally, a
prompt instruction to disregard cures error associated with an improper
question and answer.  Simpson, 119 S.W.3d at 272. 
The trial court must grant the mistrial only when the improper question and
answer are clearly prejudicial and “of such character as to suggest the
impossibility of withdrawing the impression produced on the minds of the
jurors.”  Id. (quoting Wood, 18 S.W.3d at 648).  In
determining whether improper testimony warrants a mistrial, we balance (1) the
severity of the misconduct, (2) the measures adopted to cure the misconduct,
and (3) the certainty of conviction absent the misconduct.  See Archie,
221 S.W.3d at 700 (applying these factors to improper jury argument).

Analysis

            During
the punishment phase of the trial, the State called Butch White, a police
officer with the city of Nacogdoches.  The State asked White about Appellant’s
reputation in the community, to which White responded, “Street level narcotics
dealing.”  Appellant objected, and the trial court sustained the objection. 
Appellant requested an instruction for the jury to disregard the testimony, and
the trial court instructed the jury to disregard.  Appellant then requested a
mistrial.  The trial court denied Appellant’s motion for mistrial.

            Later,
the State asked White if he had personal knowledge of an investigation
involving Appellant in 2006.  White responded, “In 2005, I assisted the Deep
East Texas Narcotics Task Force with a controlled purchase of cocaine from
[Appellant].”  The State had not given Appellant notice of this extraneous
offense in its pretrial disclosure of evidence.  Appellant asked to approach
the bench.  After the trial court sent the jury out of the courtroom, Appellant
objected to the reference to the 2005 drug transaction.  The trial court
sustained the objection.  Appellant requested the trial court to instruct the
jury to disregard.  Again, the trial court agreed to instruct the jury to
disregard the testimony.  Additionally, the trial court instructed the State to
clarify for the jury that Appellant was not charged with any crime in 2006. 
Appellant made a second motion for a mistrial, and the trial court again denied
Appellant’s motion.  The jury then returned to the courtroom.  The trial court
instructed the jury to disregard the matter that White testified about in 2005,
and the State elicited testimony from White that Appellant had not committed a
crime in 2006.

            The
State does not argue that White’s testimony was proper.  Instead, the State
argues that White’s testimony in these two instances was not of such a nature
as to render a fair and impartial verdict impossible to reach.  We agree.

            First,
while we do not condone the introduction of improper evidence, we do not
believe this to be the kind of evidence that creates an incurable prejudice.  See
Archie, 221 S.W.3d at 699.  This is so, in part, because the
evidence that should not have come before the jury was the officer’s opinion
that Appellant was a drug dealer and evidence of another drug transaction. 
This evidence is consistent with the evidence that was properly admitted
including evidence of two drug transactions, one of which the jury did not find
Appellant guilty of committing, and evidence of his two prior convictions for
delivery of a controlled substance.  Second, the trial court immediately
responded with an instruction for the jury to disregard the evidence and an
instruction for the State to clarify that Appellant had not committed a crime
in 2006.  Ordinarily, a prompt instruction to disregard will cure error
associated with an improper question and answer, even one regarding extraneous
offenses.  Ovalle v. State, 13 S.W.3d 774, 783 (Tex. Crim. App.
2000). 

The
evidence that was improperly placed before the jury came during the punishment
phase of the trial.  Appellant had been found guilty of one offense and
confessed that he had two prior convictions for delivery of a controlled
substance.  In that context, the trial court’s prompt and thoughtful
remediative efforts were sufficient to cure the prejudice caused by the
evidence that should not have come before the jury, and the trial court acted
within its discretion in denying Appellant’s two motions for mistrial.  We
overrule Appellant’s fourth issue.

 

Jury Charge

In
his fifth issue, Appellant contends that the trial court erred by refusing to
instruct the jury to be skeptical of the testimony of a confidential informant.

Applicable
Law

In
criminal jury trials, the trial court must deliver “a written charge distinctly
setting forth the law applicable to the case.”  Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007).  Because
the charge instructs the jury on the law applicable to the case, it must
contain an accurate statement of the law and set out all essential elements of
the offense.  Dinkins v. State, 894 S.W.2d 330, 339 (Tex. Crim.
App. 1995).  A defendant must be given an opportunity to examine the charge and
object to any errors of commission or omission.  See id.; Tex. Code Crim. Proc. Ann. art. 36.15
(Vernon 2006).  A defendant further may request additional instructions either
in writing or dictated to the court reporter in the presence of the court and
the state’s counsel before the reading of the court’s charge to the jury.  Id.

Where
an appellant has properly preserved an issue for review, we must ascertain if
error actually occurred.  See Posey v. State, 966 S.W.2d 57, 60
(Tex. Crim. App. 1998).  If error occurred and was properly preserved, reversal
is required if the error was calculated to injure the rights of the defendant. 
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  In
other words, an error that has been properly preserved will require reversal
only if the error is not harmless.  Id.  We evaluate the issue of
harm “in light of the entire jury charge, the state of the evidence, including
the contested issues and weight of probative evidence, the argument of counsel,
and any other relevant information revealed by the record of the trial as a
whole.”  Id.

Analysis

Appellant
argues that the trial court erred in not giving the following instruction taken
from the federal court system:

 

The testimony of a confidential
informant, and the testimony of one who provides evidence against a defendant
as a confidential informer for pay or for immunity from punishment or for
personal advantage or vindication, must always be examined and weighed by the
jury with greater care and caution than the testimony of ordinary witnesses. 
You, the jury, must decide whether the witness’s testimony has been affected by
any of those circumstances, or by the witness’s interest in the outcome of the
case, or by prejudice against the defendant, or by the benefits that the
witness has received either financially or as a result of being immunized from
prosecution.  You should keep in mind that such testimony is always to be
received with caution and weighed with great care.

 

 

Instead,
the trial court utilized Texas law when instructing the jury.  The jury was
instructed as follows:

 

A defendant cannot be convicted
of the offense charged on the uncorroborated testimony of a person who is not a
licensed peace officer or a special investigator but who was acting covertly on
behalf of a law enforcement agency or under the color of law enforcement.

 

The testimony of [Conner] must be
corroborated.

 

In order to find a person guilty
of the offense of delivery of a controlled substance, the proof (if any) of an
offer to sell must be corroborated by:  

(1) a person other than the
person to whom the offer is made, or 

(2) evidence other than a
statement of the person to whom the offer is made.

 

If you find no such
corroboration, then you shall find the defendant “not guilty.”

 

The other evidence required to
corroborate the testimony of [Conner] is not sufficient if it merely shows the
commission of the offense.

 

 

            Appellant
has not presented us with, and we have not found, any Texas authority for the
jury instruction he proposed.  In fact, this court has previously held that a
similar instruction is a violation of longstanding Texas law forbidding the
trial court from commenting on the credibility of a witness.  See Lee v.
State, No. 12-05-00359-CR, 2007 Tex. App. LEXIS 977, at *26–31 (Tex.
App.–Tyler, Feb. 9, 2007, no pet.) (mem. op., not designated for publication). 
The trial court included an accurate statement of Texas law regarding the
requirement for corroboration of a confidential informant’s testimony.  Texas
law requires nothing further.  Consequently, Appellant has failed to show error
in the trial court’s charge.  Appellant’s fifth issue is overruled.

 

Conclusion

We
have overruled Appellant’s five issues.  However, we note the judgment lists
the offense date as March 26, 2009, instead of April 16, 2009.  We have the
authority to modify a judgment to speak the truth when we have the necessary
information before us to do so.  See Tex.
R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27-28
(Tex. Crim. App. 1993); Asberry v. State, 813 S.W.2d 526, 529
(Tex. App.–Dallas 1991, pet. ref’d).  Therefore, we modify the trial court’s
judgment to show the date of offense is April 16, 2009, and affirm
the judgment as modified.  

 

                                                                                                Brian Hoyle

                                                                                                        
Justice

 

 

 

 

Opinion delivered January 19, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] Jackson v. Virginia, 443
U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979).





[2]  The Lagrone decision
was based on the then extant Texas Criminal Rule of Evidence 608(b), but the
language of that rule and the current Texas Rule of Evidence 608(b) are the
same.